**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KIARA ANTUAN SMITH                                                    PLAINTIFF

V.                        CASE NO. 3:16-CV-00025 JM/BD

ARKANSAS, STATE OF et al.                                          DEFENDANTS

<u>**RECOMMENDED DISPOSITION**</u>

**I.      <u>Procedures for Filing Objections</u>:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge James M. Moody Jr.  Mr. Smith may file written objections to this

Recommendation.  Objections must be specific and must include the factual or legal basis

for the objection.  If objections are to be considered, they must be received in the office of

the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without

independently reviewing the record.  By not objecting, Mr. Smith may waive any right to

appeal questions of fact.

**II.      <u>Background</u>:**

Plaintiff Kiara Antuan Smith brings this case *pro se* under 42 U.S.C. sections 1981

and 1985(3) alleging: (1) the state court lacked jurisdiction to impose his state sentence;

(2) while incarcerated in the Arkansas Department of Correction, he was denied sex and

treatment for exhibitionism; (3) the Social Security Administration erred in denying his

claim for Supplemental Security Income; and (4) a former Blytheville Police Officer should have been indicted for vehicular homicide or manslaughter in the death of his biological father.  (Docket Entry #2 at pp. 1, 19-22)  He also states that all Defendants conspired to violate his constitutional rights under the First, Fifth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments.  (#2 at p. 23)  He seeks punitive damages, preliminary injunctive relief, and "15 million American dollars."  (#2 at p. 15)

Mr. Smith's complaint is the latest in a long line of state and federal cases in which he made similar allegations following his July 8, 1996 guilty plea in Mississippi County Circuit Court to a charge of robbery.  In a judgment and commitment order entered on the same day, the circuit court sentenced Mr. Smith to twenty years in prison.  According to the judgment and commitment order, Mr. Smith was to serve ten years of his sentence, and the other ten years were suspended.

On August 15, 2006, Mr. Smith pleaded guilty to violating the terms and conditions of his suspended sentence and circuit court entered a judgment and commitment order sentencing him to 48 months in the Arkansas Department of Correction ("ADC").  *Smith v. Norris*, 2011 Ark. 414, 1 (2011).  Mr. Smith did not file a direct appeal from the judgment.

On May 15, 2007, Mr. Smith filed a petition to correct illegal sentence with the circuit court.  On September 20, 2007, the circuit court denied the Petition.  On October 30, 2007, Mr. Smith filed a habeas petition with the circuit court.  The circuit court denied

2

the habeas petition on November 7, 2007.  On December 3, 2007, Mr. Smith filed a

petition for writ of error coram nobis in the circuit court, which the court denied on

December 14, 2007.  On May 27, 2008, Mr. Smith filed a second petition to correct

illegal sentence.  *Smith v. State*, 2011 Ark. 306, 1 (2011).  The second petition was denied

on August 21, 2008.

In 2010, Mr. Smith filed a pro se petition for writ of error coram nobis, claiming

that the circuit court did not have jurisdiction to revoke the suspended sentence because

the ten-year term of suspended imposition of sentence had elapsed.  *Smith v. State*, 2011

Ark. 306, 3 (2011).  The trial court denied the petition, and the Arkansas Supreme Court

dismissed Mr. Smith's appeal because he could not prevail and because it appeared from

the record that the sentence had been served.  *Id*.

On August 19, 2008, Mr. Smith filed a petition for writ of habeas corpus with this

Court under 28 U.S.C. § 2254, claiming, among other things, that his guilty plea was

unlawful, and that he was arrested unlawfully.  The Court dismissed his petition as barred

by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).  *Smith v. Norris*, No. 5:08CV00232 JLH-

BD, 2008 WL 4642956, at *1 (E.D. Ark. Oct. 17, 2008).

Mr. Smith filed several cases with this Court under 42 U.S.C. § 1983 while he was

incarcerated.  He filed a case jointly with Curtis Pitman under 42 U.S.C. § 1983, against

numerous defendants, alleging that the defendants in that case violated his eighth

amendment rights when they failed to provide proper mental health treatment for his "sexual addiction" disorder.  Mr. Smith's claims were dismissed because they were duplicative of claims he had previously raised in *Smith v. Norris et al.*, 5:07CV00086 WRW, which was dismissed by this Court and affirmed by the Eighth Circuit Court of Appeals in *Smith v. Norris*, 326 F. App'x 406 (8th Cir. 2009), and in *Smith v. Norris et al.*, 5:08CV00096 JLH/JFF (affirmed on appeal in *Smith v. Norris et al*, No. 082357 (8th Cir. 2009).  *Pitman v. Engstrom*, No. 5:08CV00198BSM/HDY, 2008 WL 4831759, at *1 (E.D. Ark. Nov. 3, 2008).

In January, 2013, Mr. Smith appealed the Social Security Administration's denial of his application for supplemental security income.  *Smith v. Social Security Admin.*, 3:13CV00029-SWW (filed Jan. 28, 2014).  This Court affirmed the Commissioner's denial of benefits after Mr. Smith failed to file his brief.  *Id*. at docket entry #20.  Mr. Smith did not appeal.

In this complaint, Mr. Smith sues the State of Arkansas, the Blytheville Police Department, the Eighth Circuit Court of Appeals, and the Social Security Administration.[1] Judge Moody referred the case to this Court for recommended disposition.  (#3)

The Court has reviewed Mr. Smith's complaint and, based on that review, recommends that the Court DISMISS Mr. Smith's claims brought under 28 U.S.C.

---

[1]He states he is suing the defendants in their "official and individual capacities"; however, none of the defendants are individuals.  (#2 at p. 1)

§ 1915(e)(2)(B) and DENY the Application for Leave to Proceed *in Forma Pauperis* (#1) as moot.  See *Briggs v. Wheeling Machine Product Co.*, 499 Fed. App'x. 634 (2013)(affirming pre-service dismissal of complaint under 28 U.S.C. § 1915(e)(2)(B); see also *Pendleton v. Sanders*, 565 Fed. App'x. 584 (2014)(same).

**III.   Discussion:**

    **A.   Immunity**

        1.   *Sovereign Immunity*

Mr. Smith sues the State of Arkansas.  The Eleventh Amendment serves as a general bar to lawsuits brought by individuals in federal court against a state or state agency.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100, 104 S. Ct. 900, 908 (1984); see also *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355-56 (1974).  An individual may bring suit, however, if the State unequivocally has waived its immunity or if congressional legislation under § 5 of the Fourteenth Amendment operates as a waiver of the eleventh amendment's protection.  *Hutto v. Finney*, 437 U.S. 678, 693, 98 S.Ct. 2565, 2574-75 (1978) (citation omitted).

Neither the State of Arkansas nor Congress has waived Eleventh Amendment immunity under §§ 1981 and 1985; therefore, this Court lacks jurisdiction over Mr. Smith's claims against the State of Arkansas, and these claims should be dismissed. *Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005) (the state enjoys eleventh amendment immunity against § 1981 liability); *Fincher v. Florida Dep't of*

*Labor & Employment Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986), cert. denied, 479 U.S. 1072, 107 S.Ct. 1262 (1987) (finding no express congressional abrogation of the state's eleventh amendment immunity with respect to 42 U.S.C. § 1985 actions); *Harvey v. Williams*, 680 F. Supp. 318, 320 (E.D. Ark. 1988) (in suit brought against administrator of the Arkansas State Contractor's Licensing Board under 42 U.S.C. §§ 1983 and 1985, the Court noted that Congress has not expressed an intent to abrogate the State's eleventh amendment immunity for suits brought under either statute).

Mr. Smith also sues the Social Security Administration, a federal agency. Sovereign immunity bars claims against federal agencies for damages, and there is no evidence in either § 1981 or § 1985 that Congress intended to subject federal agencies to liability. *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 827 n.8 (1976) (§ 1981 does not contain a waiver of the federal government's sovereign immunity); see also *S & G Dev. LLC v. Arkansas Dev. Fin. Auth.*, No. 2:10CV00096 SWW, 2011 WL 1743907, at *3 (E.D. Ark. May 6, 2011)(same); *Hoffmann v. Wilcox*, No. 06-5073, 2006 WL 1657804, at *6 (W.D. Ark. June 13, 2006) ("United States has not waived its sovereign immunity in § 1985 actions")(citing *Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir. 1985) and *Perrott v. United States*, 2001 WL 873017 (N.D.Ill. Aug. 2, 2001)).

Further, § 1985(3) imposes liability upon a "person," and a federal agency is not a "person" within the meaning of these provisions. See *Abram v. Dep't of Agr.*, No.

6

98-3256, 1999 WL 793536, at *1 (8th Cir. Sept. 27, 1999)(Department of Agriculture, a federal agency, is not a "person" capable of being sued under 42 U.S.C. §1983).

To the extent that Mr. Smith brings a claim under *Bivins v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), this claim also fails. *Wilke v. Robbins*, 551 U.S. 537, 550, 127 S.Ct. 2588 (2007) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460 (1988)) (there is no right under *Bivens* to attack "wrongful denials of Social Security disability benefits"); *Goodale v. Halter*, 257 F.3d 771, 772 (8th Cir. 2001)(same); see also *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (unanimously declining to extend *Bivens* to permit suit against a federal agency).

## 2.   *Judicial Immunity*

Mr. Smith lists the Eighth Circuit Court of Appeals[2] as a defendant in this case. Reading the complaint liberally, it appears that Mr. Smith alleges that the Court conspired with other state and federal judges to deny his requests for habeas corpus relief.  (#2 at p. 23)  The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties.  *Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982).  Judges are immune from suits for damages flowing from any judicial act, unless the acts were performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978).  Even

---

[2]The Court questions whether the Eighth Circuit Court of Appeals is an entity capable of being sued but will assume for purposes of this order that it is.

allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S.

at 11. Because all actions by the Court alluded to in Mr. Smith's complaint were taken by

the Court in performance of its judicial duties, the Court is entitled to judicial immunity,

and Mr. Smith's claims should be summarily dismissed.[3]

**D.      Failure to State a Claim**

Even if defendants were not entitled to immunity, Mr. Smith has failed to state a

claim on which relief may be granted.

1.      *42 U.S.C. §1981*

Section 1981 provides that "[a]ll persons within the jurisdiction of the United

States shall have the same right in every State and Territory to make and enforce

contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws

and proceedings for the security of persons and property as is enjoyed by white citizens,

and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of

every kind, and to no other." In order to prevail on his § 1981 claim, Mr. Smith must

show (1) membership in a protected class; (2) the intent to discriminate on the basis of

race on the part of the defendant; and (3) and that the discrimination interfered with a

protected activity as defined in § 1981. *Bediako v. Stein Mart, Inc*., 354 F.3d 835, 839

(8th Cir. 2004).

---

[3]In an action brought under *Bivens*, federal judges are also immune to suit for
injunctive and declaratory relief. See *Wightman v. Jones*, 809 F. Supp. 474, 476-79 (N.D.
Tex. 1992).

Because Mr. Smith does not allege that he had a contract with any of the defendants, the Court will assume that his claim is brought pursuant to the full-and–equal–benefit clause.  Mr. Smith does not allege membership in a protected class so as to satisfy the first element of a claim under this clause of § 1981.  Further, he has not presented any evidence that Defendants intended to discriminate against him based on race.  Accordingly, he has failed to state a claim under § 1981.

2.    *42 U.S.C. §1985(3)*

To state a claim under the equal protection provisions of  § 1985(3), Mr. Smith must allege (1) a conspiracy; (2) for the purpose of depriving another of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right.  *Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790; 42 U.S.C. § 1985(3)).  A claim under this part of §1985 also requires proof of class-based animus.  *Id*.

Here, Mr. Smith has not alleged a "conspiracy" motivated by racial or class-based animus sufficient to maintain a claim under §1985(3).  Further, Mr. Smith has failed to allege facts suggesting a mutual understanding among Defendants to commit unconstitutional acts, an element required to state a claim under the statute.  *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001)(citing *Smith v. Bacon*, 699 F.2d 434,

436 (8th Cir. 1983)). Mr. Smith has not offered sufficient facts to support a claim of conspiracy under §1985(3).

### 3. *Blytheville Police Department*

Mr. Smith asserts a former officer of the Blytheville Police Department should be charged with vehicular homicide in the death of his biological father, and he seeks a "preliminary injunction to have the case of Richard Nash brought back to municipal court or that a Special Grand Jury find an Indictment for vehicle homicide or manslaughter against Richard Nash." Mr. Smith has failed to state a federal claim.

Federal courts are not entrusted with the responsibility of ensuring the effective enforcement of state criminal laws. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1205 (10th Cir. 2004) (citing U.S. Const., art. II, § 3; *Morrison v. Olson*, 487 U.S. 654, 690, 108 S.Ct. 2597 (1988)); see also *Hale v. Vance*, 267 F.Supp.2d 725, 731 (S.D. Ohio 2003) (holding that neither the constitution nor any federal law imposes a duty on a police detective to investigate criminal activity); *Ponder v. Vanhook*, No. 13-CV-1088, 2014 WL 1953143, at *6 (W.D. Ark. May 15, 2014)(no constitutional right to a an adequate police investigation).

Moreover, police departments are not usually considered to be legal entities subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); see also *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992) (holding West Memphis Police Department is a department or subdivision of the city government and is not a separate

juridical entity).  Accordingly, Mr. Smith's claims against the Blytheville Police Department should be dismissed.

**IV.    <u>Conclusion</u>:**

The Court recommends that Mr. Smith's claims be DISMISSED, with prejudice, under 28 U.S.C. § 1915(e)(2)(B) and that his Application for Leave to Proceed *in Forma Pauperis* (#1) be DENIED as moot.

DATED this 19th day of February, 2016.

_____

UNITED STATES MAGISTRATE JUDGE